UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X

ANNE MARIE DEMARCO f/k/a ANNE MARIE          :
LOWERY                                                        :   **Case No. 16 Civ. 475**
                                                                       :
                                    Plaintiff,          :   **COMPLAINT**
                                                                       :
                    - against –                      :
                                                                       :
ANDY ARVANS RESTAURANT CORP. d/b/a SWEET :   **Jury Trial Demanded**
HOLLOW DINER, ANDY ARVANS, an individual, and :
CHRISTOPHER ARVANS, an individual,       :
                                                                       :
                                    Defendants.    :
------------------------------------------------------------------- X

      Plaintiff Anne Marie Demarco f/k/a Anne Marie Lowery (hereafter referred to as "Anne Marie Demarco" or "Plaintiff") by and through her attorneys Shulman Kessler LLP, complaining of Defendants Andy Arvans Restaurant Corp d/b/a Sweet Hollow Diner, Andy Arvans, and Christopher Arvans (hereafter collectively referred to as "Defendants") alleges as follows:

<u>INTRODUCTION</u>

      1.     This is an action, brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec 2000 *et seq.* ("Title VII") and the New York State Human Rights Law, N.Y. Exec. Law § 296 ("NYSHRL") and seeks to remedy employment discrimination, based upon Plaintiff's gender, in the terms and conditions of employment, the creation of a hostile work environment, and Defendants' constructive discharge of Plaintiff's employment. Plaintiff seeks declaratory relief, compensatory and punitive damages, and other appropriate legal and equitable relief pursuant to Title VII and NYSHRL.

## JURISDICTION & VENUE

2.      Jurisdiction of the Court over this controversy is based upon Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e-5 and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

3.      Venue is proper within this Judicial District pursuant to 28 U.S.C. § 1391 because all of the events or omissions giving rise to the claims herein occurred at 100 Broadhollow Road in Melville, New York, located in the Eastern District of New York.

## THE PARTIES

### Plaintiff Anne Marie Demarco

4.      Plaintiff Anne Marie Demarco during all relevant times hereinafter mentioned was a resident of the State of New York.

5.      Plaintiff Anne Marie Demarco is formerly known as Anne Marie Lowery.

6.      Plaintiff Anne Marie Demarco is currently a resident of the State of New Jersey.

7.      At all relevant times to the Complaint, Plaintiff Anne Marie Demarco was an "employee" within the meaning of Title VII and the NYSHRL.

8.      At all relevant times, Plaintiff Anne Marie Demarco was employed by Defendants as a server.

### Defendant Sweet Hollow Diner

9.      Upon information and belief, Defendant Andy Arvans Restaurant Corp d/b/a Sweet Hollow Diner (hereinafter referred to as "Sweet Hollow Diner") was and still is located at 100 Broadhollow Road in Melville, New York, in the County of Nassau.

10.     At all times herein mentioned, Defendant Sweet Hollow Diner was and still is an "employer" as defined by Title VII and the NYSHRL and all other applicable State statutes.

2

*Defendant Andy Arvans*

11.    Defendant Andy Arvans is a resident of the State of New York, County of Suffolk.

12.    All times herein mentioned, Defendant Andy Arvans was and still is an "employer" as defined by the NYSHRL and all other applicable State statutes.

13.    Upon information and belief, and at all times hereinafter mentioned, Defendant Andy Arvans owns and/or operates Defendant Sweet Hollow Diner.

14.    Upon information and belief, and at all times hereinafter mentioned, Defendant Andy Arvans is the President of Defendant Sweet Hollow Diner.

15.    Upon information and belief, and at all times hereinafter mentioned, Defendant Andy Arvans is the Vice-President of Defendant Sweet Hollow Diner.

16.    Upon information and belief, and at all times hereinafter mentioned, Defendant Andy Arvans is a shareholder of Defendant Sweet Hollow Diner.

17.    Upon information and belief, and at all times hereinafter mentioned, Defendant Andy Arvans is a corporate officer of Defendant Sweet Hollow Diner.

18.    Upon information and belief, and at all times hereinafter mentioned, Defendant Andy Arvans is the Chief Executive Officer of Defendant Sweet Hollow Diner.

19.    Upon information and belief, and at all times hereinafter mentioned, Defendant Andy Arvans is an agent of Defendant Sweet Hollow Diner.

20.    Upon information and belief, and at all times hereinafter mentioned, Defendant Andy Arvans has the authority over personnel decisions for Defendant Sweet Hollow Diner.

21.    Upon information and belief, and at all times hereinafter mentioned, Defendant Andy Arvans supervises employees of the Defendant Sweet Hollow Diner.

22.     Upon information and belief, and at all times hereinafter mentioned, Defendant Andy Arvans has the authority to hire and fire employees for Defendant Sweet Hollow Diner.

***Defendant Christopher Arvans***

23.     Defendant Christopher Arvans is a resident of the State of New York, County of Suffolk.

24.     All times herein mentioned, Defendant Christopher Arvans was and still is an "employer" as defined by the NYSHRL and all other applicable State statutes.

25.     Upon information and belief, and at all times hereinafter mentioned, Defendant Christopher Arvans owns and/or operates Defendant Sweet Hollow Diner.

26.     Upon information and belief, and at all times hereinafter mentioned, Defendant Christopher Arvans is the President of Defendant Sweet Hollow Diner.

27.     Upon information and belief, and at all times hereinafter mentioned, Defendant Christopher Arvans is the Vice-President of Defendant Sweet Hollow Diner.

28.     Upon information and belief, and at all times hereinafter mentioned, Defendant Christopher Arvans is a shareholder of Defendant Sweet Hollow Diner.

29.     Upon information and belief, and at all times hereinafter mentioned, Defendant Christopher Arvans is a corporate officer of Defendant Sweet Hollow Diner.

30.     Upon information and belief, and at all times hereinafter mentioned, Defendant Christopher Arvans is the Chief Executive Officer of Defendant Sweet Hollow Diner.

31.     Upon information and belief, and at all times hereinafter mentioned, Defendant Christopher Arvans is an agent of Defendant Sweet Hollow Diner.

32.     Upon information and belief, and at all times hereinafter mentioned, Defendant Christopher Arvans has the authority over personnel decisions for Defendant Sweet Hollow Diner.

4

33.     Upon information and belief, and at all times hereinafter mentioned, Defendant Christopher Arvans supervises employees of Defendant Sweet Hollow Diner.

34.     Upon information and belief, and at all times hereinafter mentioned, Defendant Christopher Arvans has the authority to hire and fire employees for Defendant Sweet Hollow Diner.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES
## ON BEHALF OF PLAINTIFF

35.     Plaintiff Anne Marie Demarco filed a written charge of employment discrimination, based upon Plaintiff's gender, in the terms and conditions of her employment and the creation of a hostile work environment with the United States Equal Employment Opportunity Commission (hereinafter referred to as "EEOC").

36.     Plaintiff Anne Marie Demarco's EECO charge was assigned Charge No.: 520-2015-00443 (the "Charge").

37.     In the aforesaid Charge, Plaintiff sought to remedy the hostile work environment, perpetrated by Defendant Sweet Hollow Diner.

38.     On or about November 4, 2015, the EEOC issued a "Notice of Right to Sue" to Plaintiff with reference to her claims of discrimination and constructive discharge, and same was received by Plaintiff on or about November 7, 2015.  The Notice of Right to Sue advised Plaintiff of her right to file an action against Defendant Sweet Hollow Diner in the appropriate federal court within 90 days of her receipt thereof.

39.     The within action is being filed timely within the time prescribed by law.

## FACTS

40.     Plaintiff Anne Marie Demarco is female.

41.     In or about August 2012 until June 30, 2014 Plaintiff Anne Marie Demarco was employed by Defendants as a server.

42.     Upon information and belief, Defendants employ approximately 50 employees at Sweet Hollow Diner.

43.     Upon information and belief, all of Defendants' servers are female.

44.     Upon information and belief, all of Defendants' kitchen employees are male.

45.     During Plaintiff's employment with Defendants, Defendants did not possess or distribute an employment manual or handbook to their employees.

46.     During Plaintiff's employment with Defendants, Defendants did not have a written policy, practice or procedure for handling incidents of sexual harassment or discrimination.

47.     During Plaintiff's employment with Defendants, Defendants' female servers were discussed in a lewd manner by the kitchen employees each day.

48.     During Plaintiff's employment with Defendants, Defendants' female servers, including Plaintiff Anne Marie Demarco, were subjected to sexually inappropriate comments by Defendant Andy Arvans on a weekly basis.

49.     During Plaintiff's employment with Defendants, Defendants' female servers, including Plaintiff Anne Marie Demarco, were subjected to sexually inappropriate comments on a daily basis by Elvis Sorto, who was one of Defendants' kitchen employees.

50.     Throughout Plaintiff's employment with Defendants, Elvis Sorto ogled Defendants' female servers, "undressed them with his eyes", grinned lasciviously and licked his lips when leering at them on a daily basis.

51.     Throughout Plaintiff's employment with Defendants, Defendants' female servers, including Anne Marie Demarco were subjected to sexual assaults on a daily basis, including unwanted groping, grazing and/or fondling by Elvis Sorto.

52.     During Plaintiff's employment with Defendants, Defendants' female servers were often subjected to Elvis Sorto's sexual assaults while waiting at the counter to pick-up food to deliver to customers, and he would grind up against their butts when they were in a confined space.

53.     During Plaintiff's employment with Defendants, J.G., a server for Defendants, was regularly subjected to unwanted groping by Elvis Sorto during the workday.

54.     During Plaintiff's employment with Defendants, J.P., a server for Defendants, was regularly subjected to unwanted groping by Elvis Sorto during the workday.

55.     During Plaintiff's employment with Defendants, Plaintiff witnessed Defendant Andy Arvans forcibly touch one his servers, D. B.'s vagina on a regular basis.

56.     Defendants were notified about the sexually inappropriate behavior of their male employees towards their female employees through numerous complaints by their female servers.

57.     Defendants failed to remediate the complaints of sexual harassment or reprimand the responsible employees.

58.     Defendants' female employees, including Plaintiff, repeatedly complained to Defendant Christopher Arvans regarding the humiliating environment created by the daily sexual degradation of the female employees.

59.     Upon information and belief, Defendants failed to investigate or address complaints of sexual harassment.

60.     Defendants' female employees who refrained from complaining to Defendants about the unsafe and humiliating environment, remained silent out of fear of retaliation.

61.     On the morning of June 30, 2014, while Plaintiff was working for Defendants, Elvis Sorto cornered Plaintiff in Defendants' kitchen, between boxes of produce and a refrigerator, and grabbed Plaintiff's breast with his entire hand.

62.     After Elvis Sorto grabbed Plaintiff's breast, Plaintiff hit his hand away and called him a pig.  Plaintiff warned Sorto that she was going to report his behavior to Defendant Christopher Arvans as soon as he arrived to work.

63.     Defendant Christopher Arvans arrived at Sweet Hollow Diner later that morning, and Plaintiff immediately reported Sorto's unwanted sexual touching to him.

64.     Plaintiff told Defendant Christopher Arvans that Sorto had "molested her" and that it was a "big problem".

65.     In response to Plaintiff's complaint, Defendant Christopher Arvans put his hand in Plaintiff's face in an effort to dismiss her and to signal Plaintiff to stop complaining.

66.     Immediately thereafter, as Plaintiff walked away, Defendant Christopher Arvans spoke with Defendant Andy Arvans in Greek and they both laughed and returned to work.

67.     Upon information and belief, Defendant Christopher Arvans alerted Defendant Andy Arvans that Sorto touched Plaintiff's breast and they laughed in reaction to Sorto's sexually harassing act and Plaintiff's complaint.

68.     Plaintiff waited for approximately three hours for Defendant Christopher Arvans to reprimand Elvis Sorto.  During this time, Defendant Christopher Arvans failed to say anything to Elvis Sorto about the incident or address Plaintiff's complaint in any fashion.

69.     After Plaintiff was grabbed by Sorto, Plaintiff spoke with J.G about the assault and Defendants' failure to discipline Sorto in any manner. Plaintiff videotaped this conversation. *See* Exhibit A (Transcript of video-taped conversation between Plaintiff and J.G.)

8

70.     Later that same day, Plaintiff exchanged text messages with Lauren Bohn, her daughter and a former server for Defendant, describing her distress after the assault and her frustration with Defendants' failure to investigate or reprimand Sorto.

71.     Plaintiff also spoke to her fiancé, Anthony Depinto about the assault.  He urged Plaintiff to remove herself from the situation before she was assaulted again.

72.     After Defendants refused to address Plaintiff's complaint, in an effort to correct the hostile and unsafe work environment in her workplace, Plaintiff filed a formal complaint with the Huntington Police Department.  *See* Exhibit B (Plaintiff's Police Report).

73.     On July 1, 2014, pursuant to Plaintiff's complaint with the Police Department, Detective Geissinger investigated Plaintiff's complaint at Defendant Sweet Hollow Diner.

74.     Upon information and belief, the Suffolk County Police ascertained that there was enough evidence to arrest Sorto, but did not because Plaintiff feared retaliation from Defendants if she pressed criminal charges against Sorto.

75.     Upon information and belief, Detective Geissinger told Defendant Christopher Arvans that Defendants failed to provide for the safety of their female employees by failing to discipline or fire Elvis Sorto.

76.     Upon information and belief, Christopher Arvans claimed that he was not aware of any unwanted sexual touching at Sweet Hollow Diner prior to the day of Anne Marie Demarco's assault.

77.     Plaintiff could not return to work for Defendants because of the unsafe environment. Plaintiff left her employment on June 30, 2014, the day she was assaulted by Elvis Sorto.

78.     Plaintiff continues to suffer emotional damages as a result of the hostile work environment she was subjected to by Defendants and as a result can no longer work as a waitress.

**AS AND FOR A FIRST CAUSE OF ACTION ON
BEHALF OF PLAINTIFF AGAINST DEFENDANT SWEET HOLLOW DINER,
FOR A HOSTILE WORK ENVIROMENT BASED ON GENDER DISCRIMINATION
IN VIOLATION OF TITLE VII**

79.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

80.     From in or about August 2012 through June 2014, Plaintiff was subjected to discriminatory conduct by Defendant Sweet Hollow Diner and male co-workers due to her gender which created a hostile work environment.

81.     By its actions, Defendant Sweet Hollow Diner treated Plaintiff differently from its male employees because of her gender and discriminated against her in violation of Title VII.

82.     Motivated by gender bias and hostility, Defendant Sweet Hollow Diner discriminated against Plaintiff with respect to the conditions of her employment.

83.     Defendant Sweet Hollow Diner intentionally discriminated against Plaintiff on account of gender in violation of Title VII, by engaging in or otherwise permitting a course of daily unwelcomed verbal and physical conduct, including grabbing, fondling, propositions, sexual discussions, gestures and innuendo.

84.     Defendant Sweet Hollow Diner's discriminatory acts against Plaintiff included but were not limited to: permitting continuous lewd comments made by male employees about the female servers' bodies and relentless leering; ignoring repeated complaints from female servers that the environment at Sweet Hollow Diner was unsafe due to constant sexually inappropriate touching by male employees (including groping, grazing and fondling); and failing to investigate complaints or punish employees responsible for harassing female servers.

10

85.    Defendant Sweet Hollow Diner failed to take prompt and efficacious action to prohibit, prevent, or discourage such conduct, and accordingly, accepted, ratified and authorized this activity and thereby caused the creation of a work environment which was hostile.

86.    Defendant Sweet Hollow Diner failed to maintain a policy prohibiting discrimination in the workplace and created, promoted and maintained a work environment which was hostile, aggressive, oppressive and offensive to Plaintiff and other female employees. This failure interfered with Plaintiff's ability to do her job and negatively impacted her emotional well-being.

87.    The hostile work environment created by Defendant Sweet Hollow Diner permeated the workplace with discriminatory intimidation, unwanted sexual touching, harassment, ridicule and insult that was severe or pervasive so as to alter the conditions of Plaintiff's employment and create an abusive working environment.

88.    Defendant Sweet Hollow Diner's aforementioned discriminatory practices were continuous, concerted, abusive, extreme and outrageous.

89.    Defendant Sweet Hollow Diner's aforementioned acts and omissions violated Title VII.

90.    Defendant Sweet Hollow Diner's aforementioned acts were severe or pervasive and created an environment that a reasonable person would find hostile or abusive.

91.    Plaintiff perceived her workplace at Defendant Sweet Hollow Diner as being hostile and abusive.

92.    Defendant Sweet Hollow Diner's male employees frequently engaged in outrageous and sexually lewd conduct targeted at Defendants' female employees.

93.     The hostile work environment that Plaintiff was subjected to by Defendant Sweet Hollow Diner was severe.

94.     The hostile work environment that Plaintiff was subjected to by Defendant Sweet Hollow Diner was humiliating.

95.     The hostile work environment that Plaintiff was subjected to by Defendant Sweet Hollow Diner interfered with Plaintiff's job performance.

96.     The hostile work environment that Plaintiff was subjected to by Defendant Sweet Hollow Diner affected Plaintiff's psychological well-being.

97.     Defendant Sweet Hollow Diner cannot demonstrate any legitimate non-discriminatory reason for the actions complained of herein; nor can its actions be otherwise justified.

98.     Any alleged ignorance of the hostile work place created by Defendant Sweet Hollow Diner is nothing more than a pretext so that Defendant may attempt to avoid liability.

99.     The hostile work environment that Plaintiff was subjected to by Defendant Sweet Hollow Diner was intentional and performed with ill will and reckless indifference to Plaintiff's protected rights.

100.    As a consequence of Defendant Sweet Hollow Diner's unlawful discriminatory practices and creation of a hostile work environment, Plaintiff has been severely damaged physically and emotionally; Plaintiff has developed anxiety, depression, emotional stress, and suffered embarrassment, humiliation, loss of self-esteem and has otherwise been greatly injured.

101.    Due to the actions of Defendant Sweet Hollow Diner, Plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial, together with appropriate interest thereon; and an award of attorney's fees, expert fees, costs and disbursements.

## AS AND FOR A SECOND CAUSE OF ACTION ON
## BEHALF OF PLAINTIFF, FOR DISCRIMINATION BASED ON GENDER
## AGAINST DEFENDANT SWEET HOLLOW DINER
## IN VIOLATION OF THE NYSHRL

102.   Plaintiff realleges and incorporates by reference herein all allegations in all preceding paragraphs.  From in or about August 2012 through June 2014, Plaintiff was subjected to discriminatory conduct by Defendant due to her gender.

103.   By its actions, Defendant treated Plaintiff differently from other employees because of her gender and discriminated against her in violation of Title VII.

104.   Motivated by gender bias and hostility Defendant discriminated against Plaintiff with respect to the conditions of her employment.

105.   Defendant intentionally discriminated against Plaintiff on account of her gender in violation of the NYSHRL, by engaging in or otherwise permitting a course of unwelcome verbal and physical conduct, including grabbing, fondling, propositions, sexual discussions, gestures and innuendo in the workplace.

106.   Defendant's discriminatory acts against Plaintiff included but were not limited to: permitting the workplace to be filled with continuous lewd comments made by male employees about the female servers' bodies, and relentless leering; ignoring repeated complaints from female servers that the environment at Sweet Hollow Diner was unsafe due to the constant sexually inappropriate touching by male employees (including groping, grazing and fondling); and failing to investigate complaints or punish employees responsible for harassing female servers.

107.   Defendant failed to take prompt and efficacious action to prohibit, prevent, or discourage such discriminatory conduct, and accordingly, accepted, ratified and authorized this activity and thereby caused the creation of a work environment which was hostile.

108.    Defendant failed to maintain a policy prohibiting discrimination in the workplace and created, promoted and maintained a work environment which was hostile, aggressive, oppressive and offensive to Plaintiff.  This failure interfered with Plaintiff's ability to do her job and negatively impacted her emotional well-being.

109.    The hostile work environment created by Defendant permeated the workplace with discriminatory intimidation, unwanted sexual touching, harassment, ridicule and insult that was severe or pervasive so as to alter the conditions of Plaintiff's employment and create an abusive working environment.

110.    Defendant's discriminatory practices were continuous, concerted, abusive, extreme and outrageous throughout Plaintiff's employment with Defendants.

111.    Defendant's acts and omissions violated the NYSHRL.

112.    Defendant's acts were severe or pervasive that it created an environment that a reasonable person would find hostile or abusive.

113.    Plaintiff perceived Defendant's workplace as being hostile or abusive.

114.    Defendant created the hostile work environment for their female employees.

115.    Plaintiff was subjected to a hostile work environment by Defendant on a daily basis.

116.    The hostile work environment that Plaintiff was subjected to by Defendant was severe.

117.    The hostile work environment that Plaintiff was subjected to by Defendant was humiliating to Plaintiff.

118.    The hostile work environment that Plaintiff was subjected to by Defendant interfered with Plaintiff's job performance.

14

119.    The hostile work environment that Plaintiff was subjected to by Defendant affected Plaintiff's psychological well-being.

120.    Defendant cannot demonstrate any legitimate non-discriminatory reason for the actions complained of herein; nor can their actions be otherwise justified.

121.    Any alleged ignorance of the hostile work place created by Defendant is nothing more than a pretext so that Defendant may attempt to avoid liability.

122.    The hostile work environment that Plaintiff was subjected to by Defendant was intentional and was performed with ill will and reckless indifference to Plaintiff's protected rights.

123.    As a result of the hostile work environment that Plaintiff was subjected to by Defendant, Plaintiff has been damaged physically and emotionally; Plaintiff has developed anxiety, depression, emotional stress, and suffered embarrassment, humiliation, loss of self-esteem and has otherwise been greatly injured.

124.    Due to the actions of Defendant, Plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial, together with appropriate interest thereon; and an award of attorney's fees, expert fees, costs and disbursements.

## AS AND FOR A THIRD CAUSE OF ACTION ON
## BEHALF OF PLAINTIFF,
## FOR DISCRIMINATION BASED ON GENDER
## AGAINST DEFENDANTS IN VIOLATION OF THE NYSHRL

125.    Plaintiff realleges and incorporates by reference herein all allegations in all preceding paragraphs.

126.    Defendant Andy Arvans aided, abetted, incited, compelled and/or coerced the aforementioned unlawful conduct in violation of NYSHRL by actually participating in discriminatory and hostile conduct.

127.    Defendant Andy Arvans failed to take prompt and efficacious action to prohibit, prevent, or discourage such discriminatory conduct described herein, and accordingly, accepted, ratified and authorized this activity and thereby caused the creation of a work environment which was hostile.

128.    The hostile work environment created by Defendant Andy Arvans permeated the workplace with discriminatory intimidation, unwanted sexual touching, harassment, ridicule and insult that was severe or pervasive so as to alter the conditions of Plaintiff's employment and create an abusive working environment.

129.    Defendant Andy Arvans' discriminatory practices were continuous, concerted, abusive, extreme and outrageous throughout Plaintiff's employment with Defendants.

130.    Defendant Christopher Arvans aided, abetted, incited, compelled and/or coerced the aforementioned unlawful conduct in violation of NYSHRL by failing to address Plaintiff and other female employees' complaints regarding the discriminatory and hostile conduct at Defendant Sweet Hollow Diner.

131.    Defendant Christopher Arvans failed to take prompt and efficacious action to prohibit, prevent, or discourage such discriminatory conduct, and accordingly, accepted, ratified and authorized this activity and thereby caused the creation of a work environment which was hostile.

132.    The hostile work environment created by Defendant Christopher Arvans permeated the workplace with discriminatory intimidation, unwanted sexual touching, harassment, ridicule and insult that was severe or pervasive so as to alter the conditions of Plaintiff's employment and create an abusive working environment.

133.    Defendant Christopher Arvans' discriminatory practices were continuous, concerted, abusive, extreme and outrageous throughout Plaintiff's employment with Defendants.

## AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF, FOR CONSTRUCTIVE DISCHARGE AGAINST DEFENDANT SWEET HOLLOW DINER PURSUANT TO TITLE VII

134.   Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

135.   Defendant Sweet Hollow Diner intentionally discriminated against Plaintiff on account of her gender in violation of Title VII, by deliberately making her working conditions so intolerable that she was forced into an involuntary resignation. Such involuntary resignation constituted a constructive discharge.

136.   Defendant Sweet Hollow Diner's acts of discrimination on the basis of gender were performed with malice, and with callous and reckless indifference to Plaintiff's protected civil rights.

137.   As a proximate result of Defendant Sweet Hollow Diner's acts of unlawful discrimination, Plaintiff endured physical pain, emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation, and harm to her reputation.

138.   As a proximate result of Defendant Sweet Hollow Diner's acts of unlawful discrimination, Plaintiff has suffered and continues to suffer substantial losses incurred in the form of loss of past and future earnings.

139.   Due to Defendant Sweet Hollow Diner's actions, Plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial, together with appropriate interest thereon; and an award of attorney's fees, expert fees, costs and disbursements.

## AS AND FOR A FIFTH CAUSE OF ACTION ON
## BEHALF OF PLAINTIFF, AGAINST DEFENDANT SWEET HOLLOW DINER
## FOR CONSTRUCTIVE DISCHARGE UNDER THE NYSHRL

140.    Plaintiff realleges and incorporates by reference herein all allegations in all preceding paragraphs.

141.    Defendant Sweet Hollow Diner intentionally discriminated against Plaintiff on account of her gender in violation of the NYSHRL, by deliberately making her working conditions so intolerable that she was forced into an involuntary resignation. Such involuntary resignation constituted a constructive discharge.

142.    Defendant Sweet Hollow Diner's acts of discrimination on the basis of gender were performed with malice, and with callous and reckless indifference to Plaintiff's protected civil rights.

143.    As a proximate result of Defendant Sweet Hollow Diner's acts of unlawful discrimination, Plaintiff endured physical pain, emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation, and harm to her reputation.

144.    As a proximate result of Defendant Sweet Hollow Diner's acts of unlawful discrimination, Plaintiff has suffered and continues to suffer substantial losses incurred in loss of past and future earnings.

145.    Due to the actions of Defendant Sweet Hollow Diner, Plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial, together with appropriate interest thereon; and an award of attorney's fees, expert fees, costs and disbursements.

## AS AND FOR A SIXTH CAUSE OF ACTION ON
## BEHALF OF PLAINTIFF, AGAINST DEFENDANTS
## ANDY ARVANS AND CHRISTOPHER ARVANS
## FOR CONSTRUCTIVE DISCHARGE UNDER THE NYSHRL

146.     Plaintiff realleges and incorporates by reference herein all allegations in all preceding paragraphs.

147.     Defendant Andy Arvans aided, abetted, incited, compelled and/or coerced the aforementioned discriminatory conduct by actually participating in the discriminatory conduct. He intentionally discriminated against Plaintiff on account of her gender in violation of the NYSHRL, by deliberately making her working conditions so intolerable that she was forced into an involuntary resignation. Such involuntary resignation constituted a constructive discharge.

148.     Defendant Andy Arvans' acts of discrimination on the basis of gender were performed with malice, and with callous and reckless indifference to Plaintiff's protected civil rights.

149.     Defendant Christopher Arvans aided, abetted, incited and/or coerced the aforementioned discriminatory conduct by actually participating in the discriminatory conduct. He intentionally discriminated against Plaintiff on account of her gender in violation of the NYSHRL, by deliberately making her working conditions so intolerable that she was forced into an involuntary resignation. Such involuntary resignation constituted a constructive discharge.

150.     Defendant Christopher Arvans' acts of discrimination on the basis of gender were performed with malice, and with callous and reckless indifference to Plaintiff's protected civil rights.

151.     As a proximate result of Defendants Andy Arvans and Christopher Arvans' acts of unlawful discrimination, Plaintiff endured physical pain, emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-

esteem, loss of career fulfillment, embarrassment, humiliation, and harm to her reputation.

152.    As a proximate result of Defendants Andy Arvans and Christopher Arvans' acts of unlawful discrimination, Plaintiff has suffered and continues to suffer substantial losses incurred in loss of past and future earnings.

153.    Due to the actions of Defendants Andy Arvans and Christopher Arvans', Plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial, together with appropriate interest thereon; and an award of attorney's fees, expert fees, costs and disbursements.

## DEMAND FOR JURY TRIAL

154.    Plaintiff herein demands a trial by jury for all issues in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following award be awarded the following relief:

i.     Declaring Defendant Sweet Hollow Diner's acts and practices complained of herein are in violation of Title VII;

ii.    Declaring Defendants' acts and practices complained of herein are in violation of NYSHRL;

iii.   Directing Defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful practices are eliminated;

iv.    Directing Defendants to pay Plaintiff compensatory damages for emotional distress, mental anguish, and humiliation;

v.     Directing Defendants to pay Plaintiff punitive damages due to their malice and reckless indifference;

vi.    Awarding Plaintiff reasonable attorneys' fees, expert fees, costs and disbursements;

vii.      Awarding Plaintiff such interest as is allowed by law; and

viii.     Granting such other and further relief as the Court deems necessary and proper.

Dated: Melville, New York
      January 29, 2016

                    Respectfully submitted,

                    SHULMAN KESSLER LLP

                    By:   */s/ Marijana Matura*
                        Troy L. Kessler
                        Marijana Matura
                        Garrett Kaske
                    *Attorneys for Plaintiff*
                    534 Broadhollow Road, Suite 275
                    Melville, New York 11747
                    (631) 499-9100